In re Harry FONDILLER, Debtor.

Rosalyn FONDILLER, Appellant,

v.

Jerome E. ROBERTSON, Appellee.

Harry FONDILLER, Appellant,

v.

Jerome E. ROBERTSON, Appellee.

BAP Nos. NC–81–1019–GLK, NC–81–1025–GLK.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued April 16, 1981.

Decided Dec. 3, 1981.

Darrel C. Horsted, San Francisco, Cal., for appellant.

Edward A. Kent, Palo Alto, Cal., for appellee.

## OPINION

Before GEORGE, LASAROW and KATZ, Bankruptcy Judges.

LASAROW, Bankruptcy Judge:

This is an appeal from an order of the bankruptcy court which authorized the employment of the law firm of Gendel, Raskoff, Shapiro and Quittner as special counsel for the trustee for the limited purpose of investigating and recovering certain assets allegedly concealed or transferred by appellant Harry Fondiller. We affirm.

## ISSUE

The question raised by this appeal is whether the trial court erred in approving the employment of special counsel to the trustee even though counsel refused to terminate its representation of creditors in connection with the case.

## BACKGROUND

Appellant Harry Fondiller is a debtor in the Northern District of California under chapter 7 of the Bankruptcy Reform Act. The law firm of Gendel, Raskoff, Shapiro and Quittner represents Citibank, Peoples National Bank of Washington and Roderick N. McAuley, trustee in bankruptcy of Holosonics, Inc., all of whom are creditors of Fondiller in this bankruptcy case. That law firm also represented those creditors in the previously filed bankruptcy case of Holosonics, Inc., in the Western District of Washington. Fondiller was a principal of Holosonics, Inc.

While representing the above named clients in the Holosonics bankruptcy, Gendel, Raskoff, Shapiro and Quittner engaged in an extensive investigation into allegedly concealed assets and fraudulent conveyances in which Fondiller may have been involved. Fondiller and his wife, Rosalyn Fondiller, alleging abuses in the conduct of

that investigation, filed lawsuits in the Superior Court of the State of California for the County of Santa Clara, naming as defendants Citibank, Peoples National Bank of Washington and Arnold M. Quittner of the firm of Gendel, Raskoff, Shapiro and Quittner. The trustee in the present bankruptcy case requested authority to employ Gendel, Raskoff, Shapiro and Quittner as special counsel for the specific purpose of continuing to investigate and attempting to recover the assets concealed or fraudulently conveyed. The requested employment was approved by the creditors' committee. The only objections to the employment were made by the debtor and his wife, who is not a debtor in the bankruptcy proceedings. The bankruptcy judge authorized that employment, and it is from his order that this appeal is taken.

## ANALYSIS

Appellants contend that the trial court erred by authorizing the appointment of the firm of Gendel, Raskoff, Shapiro and Quittner as special counsel to the trustee because, first, it is not a "disinterested person" within the meaning of §§ 327(a) and 101(13) of the Bankruptcy Code; second, it has an interest adverse to the estate; and, third, it continues to represent creditors in connection with this bankruptcy case.

Section 327(a) provides that, with the court's approval, the trustee "may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee. . . ." The firm of Gendel, Raskoff, Shapiro and Quittner qualifies as a "disinterested" entity because it is not included in the categories of persons that are defined as "not disinterested" by § 101(13) of the Bankruptcy Code. While creditors are specifically named as "not disinterested" by § 101(13)(A), attorneys for creditors are not. The only attorneys specially noted as "not disinterested" by this section are those who have represented certain investment bankers involved in the securities of the debtor.

■ Gendel, Raskoff, Shapiro and Quittner does not hold or represent an interest adverse to the estate with respect to its duties as special counsel. We interpret that part of § 327(a) which reads that attorneys for the trustee may "not hold or represent an interest adverse to the estate" to mean that the attorney must not represent an adverse interest relating to the services which are to be performed by that attorney.

■ Appellants contend that § 327(c) of the Bankruptcy Code which provides, in part, that "a person is not disqualified for employment under this section solely because of [his] employment by or representation of a creditor, but may not, while employed by the trustee, represent, in connection with the case, a creditor" applies to the facts of this case. It is apparent that § 327(c) would require Gendel, Raskoff, Shapiro and Quittner to sever its relationship with its creditor clients connected with this case if it were to act in the role of general counsel to the trustee rather than as special counsel. The reason for this result is that there exists a potential for conflict if an attorney represents both a creditor and the trustee as general counsel. It should be borne in mind that general counsel for the trustee, in order to accomplish a maximum distribution to creditors, usually must perform services that are adverse to certain individual creditors. For example, creditors' claims should be reviewed to determine which should be disputed, or an investigation of pre-bankruptcy transactions between the debtor and individual creditors might be conducted for the purpose of determining whether a preference has occurred. An attorney representing the trustee as general counsel would be required to give legal advice and to proceed with appropriate litigation in connection with these matters. Any number of possible conflicts can be envisioned. The foregoing reasoning, however, does not apply to those situations in which an attorney's services are limited to a narrow field for a specific purpose. In the present case, the employment of Gendel, Raskoff, Shapiro and Quittner is limited to the search for, and attempted recovery of, specific assets

allegedly concealed, and the investigation of certain alleged fraudulent conveyances. The firm's clients were not involved in those transactions. Therefore, the interests of the estate and the firm's clients are identical with respect to the firm's duties as special counsel.

The employment of trustee's special counsel who represents, or has represented, creditors is not covered by the Bankruptcy Reform Act. By contrast, § 327(e) of the Code specifically provides that, under certain circumstances, the attorney for the debtor may serve as special counsel for the trustee. It does not require as a condition of such employment that the attorney cease representing the debtor in the case. Less adversity of interest would normally be involved when the person sought to be appointed special counsel represents a creditor than when he or she represents the debtor. There is no reason why Congress should intend a more restrictive provision to apply to a creditor's attorney, keeping in mind that the primary reason for such restrictions is the avoidance of conflicts of interest. We therefore conclude that the omission to provide for the employment of trustee's special counsel, who also represents creditors in the case, was an oversight. That omission does not indicate an intention to impose the same restrictions on special counsel to the trustee as on general counsel. Accordingly, the provision of § 327(c) that an attorney "may not, while employed by the trustee, represent, in connection with the case, a creditor" does not apply to the present dispute wherein the attorneys represent the trustee in a special limited capacity that presents no conflict of interests between the trustee and the creditor clients of the attorneys.

Gendel, Raskoff, Shapiro and Quittner has been employed in this case to investigate and litigate matters with which it has special acquaintance because of its previous employment in the Holosonics, Inc., bankruptcy. The employment is for specific and limited purposes. The disqualification of the special counsel would have an immediate, adverse impact on the administration

of this estate and the attempt to recover assets allegedly concealed or otherwise disposed of.

The court did not err in its order authorizing the employment of Gendel, Raskoff, Shapiro and Quittner for the limited purposes contained in that order. The order of the trial court is therefore affirmed.

GEORGE, Bankruptcy Judge, dissenting:

Although there is a certain pragmatic appeal to the position taken by my brethren in this matter, I do not believe that a plain reading of the Bankruptcy Code supports the result they reach. In this regard, 11 U.S.C. § 327(c) provides:

"(c) In a case under chapter 7 or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, but *may not, while employed by the trustee, represent, in connection with the case, a creditor.*"

(Emphasis supplied).

In explaining the effect of the compromise worked out in this section, both Representative Edwards and Senator DeConcini made the following report:

"Section 327(c) represents a compromise between H.R. 8200 as passed by the House and the Senate amendment. The provision states that *former* representation of a creditor, whether secured or unsecured, will not automatically disqualify a person from being employed by a trustee, but if such person is employed by the trustee, *the person may no longer represent the creditor in connection with the case.*"

124 Cong.Rec. H11091 (Sept. 28, 1978) (statement of Rep. Edwards); 124 Cong. Rec. S17408 (Oct. 6, 1978) (statement of Sen. DeConcini) (emphasis supplied).

Given the unambiguous language of 11 U.S.C. § 327(c) and of its legislative history, I cannot join my brethren in sanctioning the employment of the Gendel, Raskoff, Shapiro & Quittner firm by the trustee in this case, as long as that firm continues to represent a creditor of the estate. In my judgment, only corrective legislation can properly achieve the practical results sought by the majority.

I would reverse and remand.