In re SALLY SHOPS, INC. (Jointly Administered with Sally Shops of the Northeast, Inc. Bankruptcy No. 82–03689K Sally Shops of Moorestown, Inc. Bankruptcy No. 82–03690K), Debtor.

Harry ALTENBERG, Trustee, Plaintiff,

v.

Samuel G. SCHIFFER and Dolores H. Schiffer, h/w, Defendants.

Bankruptcy No. 82–03688K.
Adv. No. 85–0119K.

United States Bankruptcy Court, E.D. Pennsylvania.

June 20, 1985.

Walter Weir, Jr., Philadelphia, Pa., Special Counsel for plaintiff/trustee.

Erwin L. Pincus, Philadelphia, Pa., for debtor.

Robert Lapowsky, Philadelphia, Pa., for defendant.

Marvin Krasny, Philadelphia, Pa., for trustee.

Harry Altenberg, Philadelphia, Pa., trustee/plaintiff.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

A motion to disqualify counsel for the plaintiff has been filed in the above-captioned adversary proceeding. For the reasons stated herein, the motion will be denied.

The relevant facts are as follows: [1]

Sally Shops, Inc. ("debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code ("Code") on August 5, 1982.[2] The case was converted to a case under Chapter 7 on August 9, 1982, at which time an Interim Trustee was appointed. On August 17, 1984, the law firm of Adelman, Lavine, Krasny, Gold & Levin was appointed as general counsel to the Trustee.

On October 1, 1984, Walter Weir, Esquire, ("Weir") of the law firm of Fellheimer, Eichen, and Goodman ("Fellheimer")[3] was appointed special counsel to the Trustee for the limited purpose of pursuing certain litigation against Samuel G. Schiffer, a former officer and principal of the debtor, and his wife, Dolores Schiffer, also a former officer of the debtor.[4]

Prior to this appointment, Weir represented Girard Bank ("Bank"), a creditor of the debtor, in a suit in the United States District Court for the District of New Jersey against Samuel Schiffer, and his accountants. This suit was settled in 1984, and the parties executed a settlement agreement.

The instant adversary proceeding was commenced by the Trustee against Samuel G. Schiffer and Dolores Schiffer ("defendants") on February 6, 1985. The complaint seeks to recover monies allegedly withdrawn by defendants for their personal use from the debtor's corporate accounts. On March 19, 1985, the defendants filed a motion to disqualify Weir and the entire Fellheimer firm from representing the Trustee as special counsel in this lawsuit.

Defendants base their motion on Weir's prior representation of the Bank in the suit against Mr. Schiffer and his accountants, and the possibility that he may be called as a witness in this adversary proceeding. Defendants assert that Weir's representation of the Bank presents a conflict of interest with his representation of the Trustee. In support of their argument, defendants cite § 327(a) of the Code, which states:

> Except as otherwise provided in this section, the trustee with the court's approval, may employ one or more attorneys *... that do not hold an interest adverse to the estate*, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. (emphasis added).

11 U.S.C. § 327(a).

Subsection c of section 327, however, provides that an attorney's concurrent representation of both the Trustee and a creditor of the estate does not result in automatic disqualification of that attorney:

> In a case under chapter 7 or 11 of this title, a person is not disqualified from employment under this section solely because of such persons' employment by or representation of a creditor, *unless there is objection by another creditor, in which case the court shall disapprove such employment if there is an actual conflict of interest.*[5]

11 U.S.C. § 327(c). (emphasis added).

Subsection e of section 327 is the provision in the Code which permits the Trustee

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

2. Sally Shops, Inc. is jointly administered with Sally Shops of the Northeast, Inc. and Sally Shops of Moorestown, Inc.

3. The law firm of Fellheimer, Eichen and Goodman changed the firm name to Klehr, Harrison, Harvey, Branzburg, Ellers and Weir subsequent to Mr. Weir's appointment as special counsel to the Trustee.

4. In his Application, the Trustee represented that Mr. Weir is uniquely qualified to prosecute the action or actions necessary to assert

the debtors' claims referred to above. Attached hereto, as Exhibit "A", is a letter dated September 7, 1984 from Mr. Weir setting forth the fact that he already has considerable familiarity with the particular issues to be litigated, by virtue of his representation of Girard Bank in an action against Mr. Schiffer and the debtors' former accounting firm. *See* Exhibit A attached to Trustee's Response to Defendant's Motion.

5. Section 327(c) was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353. Former § 327(c) provided

to retain special counsel, in addition to general counsel. It provides that:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

 As previously stated, we appointed Weir as special counsel to the Trustee in this case for the specific and limited purpose of assisting the Trustee in recovering monies allegedly withdrawn by defendants from the debtor's corporate accounts. In this limited role, we find no actual conflict of interest between his representation of the Trustee and his prior representation of the Bank. Although defendants suggest that the issue presented here is similar to the issue raised in *Philadelphia Athletic Club, Inc. ("PAC")*, 20 B.R. 328 (E.D.Pa. 1982), we do not agree. In that case, the law firm appointed to represent the Trustee had previously represented a general partner of a partnership, and as such, had filed a plan of reorganization for the debtor and had objected to a plan filed by another partner of the partnership. The issue was whether the firm could also be appointed as general counsel to the Trustee. The District Court recognized that the firm, as general counsel, would have been in a position to favor one reorganization plan over another. Therefore, the Court held that there was a conflict of interest which necessarily required disqualification of the firm.

In the case at bench, Weir has not been appointed to assist the Trustee in the conduct and administration of the bankruptcy case. His only responsibility is to prosecute the lawsuit against the defendants,

and, if possible, to recover assets for the estate as a result of this litigation.

The importance of the distinction between general counsel and special counsel was noted in both *In re Iorizzo*, 35 B.R. 465 (Bankr.E.D.N.Y.1983) and *In re Fondiller*, 15 B.R. 890 (Bankr. 9th Cir.1981). In *Fondiller*, the trustee of the chapter 7 debtor's estate requested authority to employ the same law firm that was retained by the creditors' committee of that estate, as special counsel for the specific purpose of investigating and attempting to recover concealed assets or assets fraudulently conveyed. The Bankruptcy Appellate Panel of the Ninth Circuit affirmed the bankruptcy court's decision to allow the appointment, observing that the prohibition against simultaneous representation of a trustee an creditor contained in § 327(c) did not apply where counsel was retained by the trustee as special counsel. The Panel interpreted § 327(a) to mean that an attorney may not represent an interest adverse to his duties to be performed as counsel to the Trustee. Therefore, there was no conflict between the law firm's representation of creditors and the firm's representation of the trustee as special counsel. *Id.* at 892.

In *Iorizzo*, a law firm was appointed as special counsel to the trustee for the Iorizzo estate and five (5) corporate estates to investigate and recover assets of the debtors. The party moving for disqualification of the firm claimed that a conflict of interest existed because the estates of the various other debtors had claims against the defendants in several adversary proceedings and against each other. The Court denied the motion to disqualify noting the distinction between general and special counsel. The appointment of special counsel, whose sole purpose was to recover assets of the debtors, was clearly in the best interests of all of the estates:

> In a case under chapter 7 or 11 of this title, a person is not disqualified from employment under this section solely because of such person's employment by or representation of a creditor, but may not, while employed by the trustee, represent, in connection with the case, a creditor.

Harvis & Zeichner has already undertaken an extensive investigation into the assets of Vantage, its affiliate companies, and their former principals. Limited joint retention of counsel would save the Iorizzo and the five corporate estates the added expense that would be generated by retention of counsel unfamiliar with the facts and proceedings involved in these cases.

*Id.* at 469.

The Court labeled the two (2) interests as "parallel" rather than "adverse", and stressed that the appointment was for a limited purpose. *Id.* at 470–71.

The matter now before the Court is analogous to the factual situations in both *Iorizzo* and *Fondiller* in that Weir's interest in recovering assets for the Trustee of this estate will also benefit creditors of the estate, including the Bank. In this limited scenario, the interests of the Bank and the Trustee are parallel, rather than adverse. The potential for a conflict between Weir's representation of the Bank and the Trustee is simply not there. We cannot see how either will be harmed. Moreover, Weir's familiarity with the financial affairs of the debtor from the prior suit may prove beneficial toward the resolution of this suit, and consequently, the suit should be less costly to the estate. Thus, we conclude that there is no actual conflict of interest which requires disqualification of Weir or his law firm.

The second argument raised by defendants in support of their motion is that the Settlement Agreement from the lawsuit with the Bank may be introduced into evidence in this proceeding, and that it may be necessary for Weir to testify as to the resolution of that lawsuit.

The Pennsylvania Code of Professional Responsibility addresses the issue of the withdrawal of counsel when counsel becomes a witness in the case. DR 5–102(A) states that:

(A) If, after undertaking employment in contemplated or pending litigation, a

lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness *on behalf of his client,* he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

Section (B), however, applies when the attorney is called other than on behalf of his client:

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be *called as a witness other than on behalf of his client,* he may continue the representation until it is apparent that his testimony *is or may be prejudicial to his client.*

The party seeking to have opposing counsel disqualified has the burden of establishing that counsel's continuing in the case would violate the disciplinary rules. *Zion's First Nat. Bank v. United Health Clubs,* 505 F.Supp. 138 (E.D.Pa.1981); *Freeman v. Kulicke & Soffa Industries, Inc.,* 449 F.Supp. 974 (E.D.Pa.1978), *affirmed,* 591 F.2d 1334 (3d Cir.1979); *Kroungold v. Triester,* 521 F.2d 763 (3d Cir.1975).

The Court in *Zion's First Nat. Bank* stated:

To grant a motion to disqualify without a clear showing that continued representation is impermissible would undermine the integrity of DR 5–102, for it "was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel."

*Zion's* at 140, citing Official Notes, Code of Professional Responsibility, American Bar Association, DR 5–102, n. 31.[6]

In the instant case, it is doubtful that Weir will be called to testify by the plaintiff, as the plaintiff contends that the Settlement Agreement is irrelevant to this pro-

---

**6.** The notes accompanying the ABA Code are useful to our discussion, as Pennsylvania Rule

DR 5–102 tracks verbatim the language of the ABA Code.

ceeding. If it is found to be relevant, plaintiff argues that the document speaks for itself. Plaintiff also contends that as all parties involved in the Bank suit were represented by counsel, the defendants could themselves testify. In light of these arguments, it is unlikely that plaintiff will require Weir to testify. Thus, if defendants call Weir to the stand, DR 5–102(B) would not bar his continued representation of the Trustee, unless his testimony becomes prejudicial to his client.

Defendants have failed to meet their burden of establishing a violation of the disciplinary rules. Mere assertion that plaintiff's counsel may be called to testify, without any facts to substantiate this assertion, does not establish a claim to disqualify counsel. Thus, defendants' second argument must be rejected. In conclusion, the motion to disqualify Weir as special counsel to the Trustee is without merit and is denied.