In re RENNINGER MASON CONTRACTORS, INC., Debtor.

Frederick L. REIGLE,
Trustee, Plaintiff,

v.

Donald OGLE, t/a Able Stone Setting Co., Defendant.

Bankruptcy No. 84–00732 T.
Adv. No. 85–0477.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 14, 1986.

Kurt Althouse, Bingaman, Hess, Coblentz & Bell, Reading, Pa., for plaintiff.

Paul S. Cherry, Wayne, Pa., for defendant.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding to avoid and recover an alleged preferential transfer to the defendant from the involuntary Chapter 7 debtor, the defendant has filed a motion to disqualify the special counsel to the bankruptcy trustee and to impose sanctions upon both the special counsel and the trustee. The motion is opposed by the trustee and his special counsel. For the following reasons, the motion shall be denied.[1]

The trustee's special counsel is the law firm of Bingaman, Hess, Coblentz and Bell ("Bingaman"). This firm also represented, and continues to represent, the three petitioning creditors in this involuntary Chapter 7 case. Bingaman was appointed as special counsel for the sole, express, and limited purpose of representing the trustee in the avoidance and recovery of alleged preferential transfers. *See* 11 U.S.C. § 547. Bingaman has particular familiarity with the debtor's alleged preferential transfers and has had considerable bankruptcy law experience in general.

■ In its motion to disqualify, the defendant alleges two principal grounds for disqualification. First, it alleges that former 11 U.S.C. § 327(c), which governs the present matter, prohibits Bingaman's aforementioned simultaneous representation of the trustee and the three creditors. Former 11 U.S.C. § 327(c) states in relevant part:

"In a case under Chapter 7 or 11 of this title, a person ... may not, while employed by the trustee, represent, in connection with the case, a creditor."

Although former § 327(c) prohibits an attorney from simultaneously representing a creditor and a trustee as general counsel, the cases have uniformly determined that this prohibition does not apply where the attorney is representing the trustee as *special* counsel for a specific and limited purpose. *In re Fondiller*, 15 B.R. 890 (Bankr. 9th Cir.1981); *In re Sally Shops, Inc.*, 50 B.R. 264 (Bankr.E.D.Pa.1985); *In re National Trade Corp.*, 28 B.R. 872 (Bankr.N.D.Ill.1983). *Also see In re Technology for Energy Corp.*, 53 B.R. 32, 34 (Bankr.E.D. Tenn.1985); *Matter of Carla Leather, Inc.*, 44 B.R. 457, 474–75 (Bankr.S.D.N.Y.1984). The rationale for this interpretation of former § 327(c), which we adopt, is best expressed in the leading case of *In re Fondiller, supra,* at 15 B.R. 892:

"The employment of trustee's special counsel who represents, or has represented, creditors is not covered by the Bankruptcy Reform Act. By contrast, § 327(e) of the Code specifically provides that, under certain circumstances, the attorney for the debtor may serve as special counsel for the trustee. It does not require as a condition of such employment that the attorney cease representing the debtor in the case. Less adversity of interest would normally be involved when the person sought to be appointed special counsel represents a creditor than when he or she represents the debtor. There is no reason why Congress should intend a more restrictive provision to apply to a creditor's attorney, keeping in mind that the primary reason for such restrictions is the avoidance of conflicts of interest. We therefore conclude that the omission to provide for the employment of trustee's special counsel, who also represents creditors in the case, was an oversight. That omission does not indicate an intention to impose the same restrictions on special counsel to the trustee as on general counsel. Accordingly, the provision of § 327(c) that an attorney 'may not, while

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

employed by the trustee, represent, in connection with the case, a creditor' does not apply to the present dispute wherein the attorneys represent the trustee in a special limited capacity that presents no conflict of interests between the trustee and the creditor clients of the attorneys."

■ Therefore, we conclude that former 11 U.S.C. § 327(c) provides no basis for Bingaman's disqualification.

■ The defendant's second principal ground for disqualification is that Bingaman's simultaneous representation of the three creditors and the trustee creates a conflict of interest violative of 11 U.S.C. § 327(a), which states in relevant part:

"... [T]he trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

In this regard, the defendant first points out that the American Bank and Trust Company of Pennsylvania ("Bank"), one of Bingaman's three creditor-clients, is by far the largest creditor of the bankruptcy estate and has been Bingaman's client for many years. In support of its conflict of interest contention, the defendant argues as follows:

"Defendant contends that the Trustee in this case does not possess that detached, independent, disinterested advice his counsel should be giving him when it comes to determining whether to attempt to recover an allegedly preferential payment because the Trustee's counsel would obviously be out to get all the money he can to maximize the recovery for his other client, the American Bank, and, Defendant contends, it is more than merely possible that counsel would advise the Trustee to commence an adversary action against a defendant under circumstances where other counsel (being independent, detached, and disinterested) might not so advise. The Trustee now seems to be working for the American Bank, one of the involuntary credi-

tors, rather than having as his primary goal the best interests of the parties in interest—all the parties in interest, without favoritism." (Defendant's Brief, page 6).

It should be noted here, and the defendant does not contend otherwise, that Bingaman's three creditor-clients were not recipients of any of the alleged preferential transfers. The defendant's above-quoted argument actually boils down to the contention that Bingaman might be too aggressive in its representation of the trustee because of its desire to maximize the recovery of the Bank.[2] We fail to grasp the logic in the defendant's argument. Even if Bingaman would be too aggressive in pursuing preferential transfer actions, such aggressiveness would not manifest an interest adverse to the interest of the bankruptcy estate. Rather, the interests of the Bank and the estate are identical because both will benefit from the maximum recovery of funds through preferential transfer actions. *See In re Fondiller, supra,* where the Court, under the same circumstances as the present case (except for the trustee's special counsel's pursuit of alleged fraudulent conveyances rather than alleged preferential transfers, an inconsequential difference), found no violation of 11 U.S.C. § 327(a). For the same result under similar facts, *see In re Sally Shops, Inc., supra.* Regarding § 327(a), the defendant also alleges that Bingaman's simultaneous representation of the trustee and its creditor-clients may improperly influence the trustee in his distribution of estate funds to the detriment of the creditors not represented by Bingaman. However, the defendant has presented no evidence in this regard and we reject this allegation without the need for further discussion. Therefore, we conclude that Bingaman's simultaneous representation of the trustee and its creditor-clients, under the circumstances of this case, does not constitute a conflict of interest violative of 11 U.S.C. § 327(a).

As a separate ground for disqualification, the defendant further contends that

---

**2.** The defendant did not produce any evidence in support of this contention.

Bingaman's aforementioned simultaneous representation violates Canon 9 of the lawyer's Code of Professional Responsibility, which states: "A lawyer should avoid even the appearance of professional impropriety." In the first place, we find no impropriety in Bingaman's conduct in this matter. Secondly, we determine that there is also no appearance of impropriety because Bingaman's representation of the trustee is for a limited and well-delineated specific purpose, which is clearly evident to any and all interested parties. Therefore, we conclude that Bingaman has not violated Canon 9 of the lawyer's Code of Professional Responsibility.[3]

For all of the foregoing reasons, the defendant's motion to disqualify shall be denied.

---

**3.** The defendant's final ground for disqualification—that the trustee's application for employment of Bingaman as special counsel failed to satisfy the disclosure requirements of Bankruptcy Rule 2014(a)—is totally without merit.