In re W. Gail SMITH aka: Gail Smith dba: Gail Smith Development Company Norma J. Smith aka: Jean Smith, Debtors.

**Bankruptcy No. 2–80–04322.**

United States Bankruptcy Court, S.D. Ohio, E.D.

July 13, 1987.

D. William Davis, Bellaire, Ohio, successor trustee.

Anthony P. Picadio, Pittsburgh, Pa., Dominic J. Bianco, Steubenville, Ohio, for Bank One.

James C. Carpenter, Columbus, Ohio, for O'Mara Enterprises, Inc.

William B. Logan, Jr., Columbus, Ohio, for debtors.

### ORDER DENYING PETITION OF SUCCESSOR TRUSTEE TO RETAIN CO–COUNSEL TO PURSUE ADVERSARY ACTION

BARBARA J. SELLERS, Bankruptcy Judge.

On February 2, 1987 D. William Davis, successor trustee in this Chapter 7 bankruptcy case (the "Trustee"), applied to this Court for authorization to retain attorneys Anthony P. Picadio and Dominic J. Bianco as co-counsel for the prosecution of adversary action No. 2–80–0621, pending before this Court. That application, which was supplemented by amendment on June 19, 1987, was opposed by O'Mara Enterprises Inc. ("O'Mara"), the defendant in that adversary action, and was argued to the Court. For reasons stated herein, the Trustee's request is denied.

The Court finds the following facts. In this case Picadio and Bianco represent Bank One of Eastern Ohio, formerly The Heritage Bank, ("Bank One"). Bank One is a creditor listed in the debtors' schedules as having both a secured and an unsecured claim against this estate. Despite such listing, however, Bank One has not filed a proof of claim to establish its right to share in any distributions from this estate. Bank One is the defendant in another pending adversary action related to this case and a plaintiff in yet another action. Bank One also is engaged in state court litigation against O'Mara arising from financial events related to this bankruptcy filing.

The issue before the Court is whether Picadio and Bianco, as representatives of Bank One, a creditor in this case, can be hired by the Trustee as co-counsel consistent with the provisions of 11 U.S.C. § 327(c). In this regard the Court must consider whether § 327(c) applies to this matter in its current or prior version. If the current version of § 327(c) applies, the Court must consider further whether Bank One has an actual conflict so as to fall within the prohibition imposed by that statute.

Section 327 of Title 11 United States Code governs the appointment of professional persons to assist a trustee in bankruptcy in performing his statutory duties. Subsection (a) of that section states the general rule as follows:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

One exception to that general provision is set forth in subsection (c) of that statute. As it currently exists, § 327(c) provides that:

> (c) In a case under Chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor ..., in which case the court shall disapprove such employment if there is an actual conflict of interest.

Prior to amendments in 1984 and 1986, however, § 327(c) read:

> In a case under chapter 7 or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, but may not, while employed by the trustee, represent, in connection with the case, a creditor.

The significance of the two versions of § 327(c) in this matter is clear. As it existed prior to October 8, 1984, when the *Bankruptcy Amendments and Federal Judgeship Act of 1984* first became effective for newly filed cases, former § 327(c) included an absolute prohibition against serving as a professional person to assist a trustee unless the person seeking such appointment ceased representation of a creditor while employed or retained by the trustee.

■ The Court finds that this case, originally filed as a Chapter 11 case on November 12, 1980, is governed by the former version of 11 U.S.C. § 327(c). *Bankruptcy Amendments and Federal Judgeship Act of 1984*, Pub.L. No. 98–353, § 553. The Court further finds that the version of § 327(c) applicable to this motion prohibits employment of Picadio and Bianco by the Trustee to serve as co-counsel to pursue the adversary proceeding at issue against Timothy O'Mara so long as Picadio and Bianco represent Bank One in any capacity in connection with this case. That representation continues, however, not only in the adversary against Bank One and in a dischargeability adversary against the debtor, but also in the state court litigation against O'Mara, which this Court finds, under the factual circumstances of those actions, are also actions "in connection with this case". Therefore, Bianco and Picadio are prohibited from employment by the Trustee.

■ The fact that Bianco and Picadio do not seek to be compensated for their contemplated efforts in the Trustee's behalf and that Bank One will not share in the distribution from this estate does not change this result. Nor does any other subsection of § 327 counteract this prohibition. *In re Sally Shops, Inc.*, 50 B.R. 264 (Bankr.E.D.Pa.1985), relied upon by Picadio and Bianco, is distinguishable from the Trustee's application in this case. Although the attorney in *Sally Shops* had represented a creditor of the debtor in a suit in another court, that representation had ceased prior to his representation of that trustee as special counsel. By the

precise terms of former § 327(c), such prior representation is not automatically a bar to appointment. The Court also finds that the discussion in *Sally Shops* relating to a distinction between representation in the core case and representation in an adversary action is directed toward the attempt to determine if actual conflict exists. That inquiry is appropriate under the current version of § 327(c), but was not relevant or mitigative under the former version.

Based upon the foregoing, the Trustee's motion seeking to specifically retain Picadio and Bianco to pursue adversary No. 2–80–0621 should be, and the same is, hereby, DENIED.

IT IS SO ORDERED.