**MEESPIERSON INC. and Burgan Bank, S.A.K., Appellants and Cross–Appellees,**

v.

**STRATEGIC TELECOM INC., Appellee and Cross–Appellant.**

**Civil Action Nos. 95–540–JJF, 95–541–JJF.**

United States District Court, D. Delaware.

Nov. 19, 1996.

Laura Davis Jones of Young, Conaway, Stargatt & Taylor, Wilmington, DE, Ira S. Sacks, Judy Zecchin of Fried, Frank, Harris, Shriver & Jacobson, New York City, for Appellants and Cross–Appellees.

Charlene D. Davis of Bayard, Handelman & Murdoch P.A., Wilmington, DE, R. Terry Bell of Caolo, Bell & Nunnally, Dallas, TX, for Appellee and Cross–Appellant.

## MEMORANDUM OPINION

FARNAN, Chief Judge.

### I. INTRODUCTION

Presently before the Court are the cross-appeals of MeesPierson, Inc., et al. ("Mees-Pierson") (D.I. 1) and Strategic Telecom, Inc. ("STI") (D.I. 7). MeesPierson appeals the decision of the United States Bankruptcy Court, 94–1099 HSB, claiming that the Bankruptcy Court erred in approving the employment of Grant, Williams, Lake & Dangerfield P.C. ("Grant, Williams") as counsel for the Debtor STI under the standard set forth in 11 U.S.C. § 327(e). (D.I. 2). STI appeals the same decision of the Bankruptcy Court, claiming that the court erred in its requirement that Grant, Williams could act as special counsel only if the firm did not represent Lawrence Cahill, a shareholder and creditor of the Debtor STI, in any capacity whatsoever. (D.I. 7). The parties stipulated that STI's appeal, C.A. 95–541, would be consolidated into MeesPierson's appeal, C.A. 95–540. (D.I. 6).

The Court will reverse that part of the Bankruptcy Court's decision approving the appointment of Grant, Williams to act as special counsel for STI. The Court concludes that the employment of Grant, Williams presents an impermissible conflict of interest under § 327(a), and by finding that its appointment was nonetheless permissible under § 327(e), the Bankruptcy Court did not adhere to the plain meaning of the standard set forth under § 327(e). Because STI's appeal depends entirely on the appointment of Grant, Williams, its appeal is moot.

### II. BACKGROUND

In November, 1994, STI, a company that provided telephone technology to the hospitality industry, filed for bankruptcy protection pursuant to Chapter 11 of the Bankruptcy Code. MeesPierson was STI's placement agent, as well as a stockholder of the company. MeesPierson raised cash from several sources for STI, including Burgan Bank. STI alleges that in July, 1994, MeesPierson refused to provide STI with any more capital and blocked any efforts by STI to raise needed capital, thereby effectively forcing STI into bankruptcy.

Lawrence Cahill was a former stockholder of STI, a member of its board and one of its creditors. Just prior to STI's bankruptcy, Mr. Cahill agreed to purchase certain technology from STI for $150,000. The parties disagree on the current value of the technology. MeesPierson contends that the technology is worth over $14 million (D.I. 8 at 4), and STI claims it is worthless (D.I. 10 at 7). Although Mr. Cahill paid STI the $150,000 consideration, he has not received the technology.

The parties also disagree about the relationship between Mr. Cahill and STI. MeesPierson claims that Mr. Cahill was among the parties against whom STI has acknowledged claims (D.I. 8 at 5); however, STI disagrees.

STI decided to pursue MeesPierson for unlawfully interfering with its ability to obtain the financing it needed to survive. (Bankruptcy Transcript ("Tr.") at 139). Because STI had no money to pay for legal representation, Mr. Cahill agreed to pay for the lawsuit in exchange for an interest in the proceeds of the litigation, provided that STI hire the Grant, Williams law firm. (Tr. at 139). Mr. Cahill had prior dealings with Grant, Williams, but the only involvement of the firm with regard to the STI bankruptcy was in response to Mr. Cahill's inquiry as to whether he had claims that he could pursue directly against MeesPierson. (Tr. at 139). Grant, Williams advised Mr. Cahill that such claims were better made by the corporation. (Tr. at 139).

MeesPierson filed a motion opposing the employment of Grant, Williams, and contending that the firm's employment violated § 327(a). The Bankruptcy Court ruled that it would treat STI's application to employ Grant, Williams as an application under § 327(e) and not § 327(a) (Tr. at 139–40), and approved the employment. (Tr. at 140). However, the Bankruptcy Court concluded that the standard under § 327(c) required that Grant, Williams discontinue any representation of Mr. Cahill. (Tr. at 140).

### III. STANDARD OF REVIEW

■ In reviewing a Bankruptcy Court decision, the district court must defer to the Bankruptcy Court's findings of fact, and will reverse those findings only if clearly erroneous. Fed.R.Bankr.R. 8013; *Sharon Steel Corp. v. National Fuel Gas Distr. Corp.*, 872 F.2d 36, 38–39 (3d Cir.1989). Legal conclusions, on the other hand, are subject to ple-

nary review and are considered *de novo* on appeal. *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir.1992).

### IV. DISCUSSION

#### A. *Conflict of Interest of Grant, Williams under 11 U.S.C. § 327*

##### 1. Arguments of the Parties

MeesPierson contends that the appointment of Grant, Williams presents an improper conflict of interest under § 327 of the Bankruptcy Code. Specifically, MeesPierson alleges that the appointment of Grant, Williams presents an impermissible conflict under § 327(a), which is not saved pursuant to the exceptions found in § 327(e). (D.I. 8 at 12–13). STI disagrees, arguing that not only is the appointment of Grant, Williams permissible under § 327(e) because the firm is acting as special counsel, but its appointment is also permissible under § 327(a) because it does not have a personal interest in the outcome.

##### 2. Legal Standard

Section 327(a) of the Bankruptcy Code precludes an "interested" attorney from representing the interests of the trustee or the debtor,[1] unless that representation falls into one of the enumerated exceptions cited in § 327(e). An interested attorney is one that "holds or represents an interest adverse to the estate." 11 U.S.C. § 327(a).[2]

■ Despite the broad provision against conflicts in § 327(a), a party may still represent the trustee or debtor by virtue of the narrow exception found in § 327(e), which permits appointment of special counsel that has already represented the debtor. For the exception in § 327(e) to apply, an attorney must establish that: (1) the attorney has already represented the debtor; (2) the attorney is for a special specific purpose ap-

---

1. The debtor-in-possession is afforded virtually the same powers as the trustee under § 327. *See* 11 U.S.C. § 1107(a).

2. Section 327(a) provides in pertinent part:
Except as otherwise provided in this section, the trustee, with the court's approval, may

employ one or more attorneys ... that do not hold *or represent* an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
11 U.S.C. § 327(a) (emphasis added).

proved by the court; (3) the appointment of the attorney is in the best interest of the estate; and (4) the attorney has no conflict of interest concerning the matter at hand. *See* 11 U.S.C. § 327(e).[3]

### 3. Analysis

■ The Court concludes that the employment of Grant, Williams by STI presents an impermissible conflict of interest under § 327(a). Moreover, the Court concludes that because Grant, Williams did not previously represent STI, its employment does not fulfil the requirements of § 327(e). Accordingly, the Court concludes that the employment of Grant, Williams as counsel for STI is impermissible under the conflict of interest standard of the Bankruptcy Code.

The representation of STI by Grant, Williams poses an impermissible conflict of interest under the standard set forth in § 327(a) and § 101(14), because Grant, Williams represents an "interest materially adverse to the interest of the estate." Specifically, Mr. Cahill stands as a creditor of STI, in that the corporation owes him technology that he never received. Moreover, there is a question of whether or not this purchase is an improper transfer under the Bankruptcy Code. Because Grant, Williams has represented Cahill, by giving him advice regarding whether or not he should, in his own capacity, pursue MeesPierson for lender liability, the Court concludes that an impermissible conflict exists.

■ Although STI contends that the decision *In re BH & P, Inc.,* 949 F.2d 1300 (3d Cir.1991), provides authority for STI's proposition that a conflict of interest would arise under § 327(a) only if counsel had a personal interest in the litigation, this argument is based on a misreading of the holding in that case. The facts in *BH & P* involved whether or not the appointment of an interim trustee represented an impermissible conflict of interest under § 101(14), not whether the ap-

pointment of counsel did so under § 327(a). *See id.* at 1307–08. In fact, in holding that § 101(14) only applied to personal interests actually held by the trustee, the court drew a distinction between the language of § 101(14) and that of § 327(a). The Court pointed out that § 327(a) explicitly applied to persons either holding *or representing* adverse interests, whereas § 101(14)(E) applied only to interests *held* by the trustee. *Id.* at 1310 n. 12 (emphasis added). Accordingly, *BH & P* actually provides support for MeesPierson's position, not STI's, because it clearly concludes that § 327(a) covers interests represented by the appointed counsel, as set forth in the code itself. *See* 11 U.S.C. § 327(a).

■ Moreover, the Court also concludes that the conflict arising from the appointment of Grant, Williams under § 327(a) is not saved by applying the provisions of § 327(e), because that section requires that counsel have previously represented the debtor. Of the handful of courts that have examined the question of whether § 327(e) permits appointment of counsel that have not previously represented the debtor, most have held that it does not. *See, e.g., In re Black & White Cab Co.,* 175 B.R. 24, 26 (Bankr. E.D.Ark.1994) (attorney must have previously represented debtor under § 327(e)); *In re French,* 139 B.R. 485, 489 (Bankr.D.S.D. 1992) (finding that no prior connection with attorney fails to meet requirement of § 327(e)); *In re Ginco,* 105 B.R. 620, 621 (D.Colo.1988) (§ 327(a) applies instead of § 327(e) where attorney has no prior representation of debtor).

Other courts, that have not had the issue squarely before them, have nonetheless recognized that § 327(e) imposes a condition that the appointed counsel must have previously represented the debtor. *See, e.g., In re Johnson,* No. C–93–3844 VRW, 1994 WL 163911, at *1 (N.D.Cal. April 14, 1994) (section allows trustee to hire counsel who formerly represented or presently represents

---

**3.** Section 327(e) of the Bankruptcy Code provides that:

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debt-

or, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e) (1993).

debtors for limited purpose); *Pennsylvania Water Works Supply Co. v. Bucks County Bank & Trust Co.*, No. 91–2814, 1991 WL 161473, 1991 U.S.Dist. LEXIS 11610, at 5 n. 2 (E.D.Pa. August 19, 1991) (refusing to apply § 327(e) where attorney did not represent debtor before bankruptcy); *Film Ventures International, Inc. v. Asher*, 75 B.R. 250, 252 (Bankr. 9th Cir.1987) (§ 327(e) permits post-petition representation by debtor's pre-petition attorney for special purpose).

Against this backdrop of cases, stands *In re AroChem*, the sole court to hold that the drafters of the relevant sections did not intend to exclude attorneys who represented creditors from the section's more permissive conflicts standard, despite the clear language of § 327(e). *In re AroChem*, 181 B.R. 693, 698 (Bankr.D.Conn.1995). The *AroChem* court relied on the Ninth Circuit's decision *In re Fondiller* to arrive at its holding, and concluded that § 327(e) would permit appointment of such an attorney even if that attorney had never represented the debtor. *See id., (citing In re Fondiller,* 15 B.R. 890, 892 (9th Cir. BAP 1981), *appeal dismissed*, 707 F.2d 441 (9th Cir.1983)).

*AroChem*'s interpretation of *In re Fondiller* is simply incorrect. The issue the *Fondiller* court decided was whether an attorney who had represented a creditor could, nonetheless, represent the debtor as special counsel under § 327(c), not § 327(e). *In re Fondiller*, 15 B.R. at 892. The court's discussion of § 327(e) arose simply in the context of statutory interpretation. In support of its position, the court examined the provisions of § 327(e), and concluded that the potential conflict arising from the appointment of special counsel who had previously represented a creditor of the debtor was no higher than the statutorily approved appointment of an attorney who had already represented the debtor under § 327(e). *Id.* The *Fondiller* court did not hold that the failure of § 327(e) to address appointment of creditors' attorneys was simply an oversight; instead, the court clearly intended this reasoning to arise under § 327(a) and § 327(c).

Virtually every other case that cites *Fondiller* has correctly quoted it for the proposition that the potential conflict of appointment of an attorney previously representing a creditor arises under § 327(a) and § 327(c). *See, e.g., In re RPC Corp.,* 114 B.R. 116, 119 (M.D.N.Car.1990) (citing *Fondiller* for proposition that no conflict of interest exists under § 327(a) where special counsel represents creditor of debtor); *In re Renninger Mason Contractors, Inc.,* 58 B.R. 516, 517, 518 (Bankr.E.D.Pa.1986) (citing *Fondiller* for conflict of interest under § 327(a) and (c)); *In re Technology For Energy Corp.,* 53 B.R. 32, 34 (Bankr.E.D.Tenn.1985) (same). The Ninth Circuit has also recognized that the *Fondiller* court simply "reasoned by analogy to § 327(e)" to arrive at its conclusion that a conflict of interest does not automatically arise under § 327(c) where special counsel has represented a creditor of the debtor. *See Stoumbos v. Kilimnik,* 988 F.2d 949, 964 (9th Cir.1992), *cert. denied,* 510 U.S. 867, 114 S.Ct. 190, 126 L.Ed.2d 148 (1993).

Accordingly, the Court is unpersuaded by the reasoning in *AroChem,* because *AroChem* misinterpreted *Fondiller* and departed from the clear statutory language of § 327(e). Should any doubt remain, however, an examination of the legislative history of the statute is helpful. The Congressional history expressly provides that "[t]his subsection will most likely be used when the debtor is involved in a complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." H.R.Rep. No. 595, 95th Cong., 2d Sess. at 328 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. at 38–39 (1978), U.S.Code Cong. & Admin.News, 1978, at 5824–5825; *see also In re Interstate Distribution Center Assoc. (A), Ltd.,* 137 B.R. 826, 833 (D.Colo. 1992) (discussing this history). The potential detriment to the debtor resulting from removal of existing counsel simply does not arise if the firm has never represented the debtor to begin with.

STI's contention that the pivotal issue in this cases concerns whether § 327(e) contemplates the appointment of special counsel is misplaced. Courts have almost universally agreed, and Appellant does not dispute, that § 327(e) does apply to special counsel. *See, e.g., In re Sally Shops,* 50 B.R. 264, 265–66

(Bankr.E.D.Pa.1985) (§ 327(e) applies to special counsel). Accordingly, the Court concludes that the question of whether § 327(e) contemplates the appointment of special counsel is not an issue in this case.

In sum, the Court concludes that the appointment of Grant, Williams represents an impermissible conflict of interest under the standard set forth in § 327 of the Bankruptcy Code. The Court concludes that Grant, Williams is an interested party under the provisions of § 327(a). Moreover, the language of § 327(e) is clear and unequivocal, and under a plain reading of that section, the appointed attorney must have previously represented the debtor. Since Grant, Williams has never represented STI, the debtor in this action, their representation fails to fulfil the requirements of § 327(e). Thus, there is no reason for the Court to examine the other factors under that subsection's standard. Therefore, the Court concludes that the Bankruptcy Court erred in appointing Grant, Williams as special counsel under § 327(e).

### B. *Condition that Grant Williams Withdraw From Representation of Lawrence Cahill*

STI's contention that the Bankruptcy Court erred in its condition that Grant, Williams could represent STI only if it ceased representation of Mr. Cahill depends entirely upon appointment of the law firm in the first place. Because the Court has reversed the decision of the Bankruptcy Court appointing Grant, Williams under § 327(e), STI's appeal is now moot. For this reason the Court will not examine the merits of STI's appeal.

### V. CONCLUSION

For the reasons discussed, the Court concludes that the decision of the Bankruptcy Court to appoint Grant, Williams under the standard set forth in § 327(e) is legally incorrect and will be reversed.