**In re ABRASS, Barbara J., Debtor.**

**No. 99–09101–6J3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

March 31, 2000.

Douglas W. Neway, Orlando, FL, for Debtor.

Laurie K. Weatherford, Winter Park, FL, Standing Chapter 13 Trustee.

*FINDINGS OF FACT AND CONCLU-SIONS OF LAW ON DEBTOR'S OB-JECTION TO TRUSTEE'S APPLI-CATION TO EMPLOY SPECIAL COUNSEL*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on February 23, 2000, on the Objection to Application to Retain the Law Firm of Akerman, Senterfitt & Eidson, P.A., as Special Counsel for Chapter 13 Trustee (the "Objection") (Doc. No. 20) filed by Barbara J. Abrass (the "Debtor"). The application (Doc. No. 14) was filed by Laurie K. Weatherford, the Chapter 13 Trustee (the "Trustee"). Akerman, Senterfitt & Eidson, P.A. ("AS & E") also filed a Declaration of Jules S. Cohen Pursuant to Federal Rules of Bankruptcy Procedure Rule 2014 (Doc. No. 15) in support of the application.

The Trustee seeks to employ AS & E as special counsel under Section 327(e) of the Bankruptcy Code [1] as an exception to the requirements of general counsel under Section 327(a) of the Bankruptcy Code. Debtor objects asserting AS & E, who represents three creditors in this case, has an actual conflict of interest and further is not disinterested. Lastly, Debtor asserts that AS & E does not qualify as special counsel pursuant to the limitations of Section 327(e).

An Order Authorizing Employment of Special Counsel initially was entered on an *ex parte* basis on January 5, 2000 (the "Retention Order") (Doc. No. 16). Because the Retention Order was entered without notice or an effective opportunity for the Debtor to be heard, the Retention Order is vacated to allow full consideration of the Debtor's Objection to the Trustee's retention of AS & E. After considering the pleadings, arguments of counsel, and the applicable law, the Objection is sustained.

*Background.* On November 2, 1999, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Trustee alleges that, prior to the petition date, the Debtor fraudulently transferred non-exempt funds into exempt assets in order to prevent creditors from reaching the funds. The Trustee seeks to employ AS & E to object to Debtor's homestead exemption, to avoid the alleged fraudulent transfer of non-exempt funds into the homestead, and to determine the validity of a mortgage on the Debtor's homestead. Further, the Trustee seeks to employ AS & E for more general purposes, "to conduct discovery and otherwise investigate whether the Debtor has concealed assets or made other avoidable transfers, to recover such assets and to file an objection to confirmation of the Debtor's Chapter 13 Plan if grounds exist for doing so." (Doc. No. 14).

Before the Trustee decided to hire AS & E, the firm had been retained by Tricor

---

**1.** Unless stated otherwise, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

Services Corporation, Marc Hagle, and Sharon Langford Hagle (collectively "Tricor") in this case. Tricor is a former insider related to the Debtor's past business. At one point, Tricor owned 50% of the Debtor's business, and the Debtor owned the other 50%. Currently, Tricor is the largest unsecured creditor in this case with an unsecured claim of $99,000. (Debtor's Schedule F.) Tricor has agreed to pay AS & E's attorney fees and costs on a monthly basis with the condition that, if AS & E is successful in recovering funds for the benefit of the creditors, Tricor will receive reimbursement from the bankruptcy estate for any fees or costs Tricor paid to AS & E. The Trustee alleges that no actual conflict of interest currently exists between the Trustee and Tricor. The Trustee, however, concedes that a conflict may arise in the future. Tricor presently is negotiating with a third party to purchase a claim against the estate. If the purchase occurs, Tricor would obtain a lien against the Debtor's homestead, which would be superior to the Trustee's claim and the claims of the other unsecured creditors in this case. Once Tricor obtains the lien, an actual conflict will arise.

■ *Section 327 of the Bankruptcy Code Applies to Chapter 13 Cases.* Chapter 13 trustees rarely seek permission to hire counsel. When they do, all the rules and restrictions contained in Section 327 apply. Section 103(a) provides that, except for minor exceptions that do not apply here, chapters 1, 3, and 5 apply in any case under chapters 7, 11, 12, or 13 of Title 11. The few decisions mentioning the applicability of Section 327 to Chapter 13 cases generally agree with the plain meaning of Section 103(a) and find Section 327 applicable. *In re Bell,* 212 B.R. 654, 658 (Bankr.E.D.Cal.1997); *In re Westbrooks,* 202 B.R. 520, 521 (Bankr.N.D.Ala.1996); *In re DeRuskin Enterprises Inc.,* 1993 WL 594354 (Bankr.E.D.Pa.1994); *Pruitt v. Gramatan Investors Corp. (In re Pruitt),* 72 B.R. 436, 439–40 (Bankr.E.D.N.Y.1987); *Glick v. Brogan (In re Roberts),* 58 B.R. 65, 67 (Bankr.D.N.J.1986); *In re Whitman,* 51 B.R. 502, 507 (Bankr.D.Mass. 1985); *In re Brown,* 40 B.R. 728, 730 (Bankr.D.Conn.1984); *In re McFadden,* 37 B.R. 520, 522 (Bankr.M.D.Pa.1984); *But see, In re French,* 111 B.R. 391, 393 (Bankr.N.D.N.Y.1989), and *In re Cormier,* 35 B.R. 424, 424 (D.Me.1983) (both cases holding that Section 327 is not applicable in Chapter 13 cases). Section 327 of the Bankruptcy Code is applicable to Chapter 13 cases.

■ *AS & E Does Not Qualify as General Counsel Pursuant to the Limitations of Section 327(a).* Although the Trustee did not seek to employ AS & E as general counsel, an analysis of Section 327(a) is necessary to understand why AS & E could not serve as the Trustee's general counsel but can only be retained, if at all, as special counsel pursuant to the exception set forth in Section 327(e). As the general rule, Section 327(a) of the Bankruptcy Code provides that a trustee may employ "attorneys, accountants, appraisers, auctioneers, or other professional persons" if those persons do not hold an interest adverse to the estate and are disinterested.

■ AS & E currently represents an unsecured creditor, Tricor, who holds the largest claim in this estate. Section 101(14)(A) of the Bankruptcy Code defines disinterested to exclude any creditor, equity holder, or insider. Tricor, as a creditor, clearly fails to meet the disinterested standard. In this case, AS & E was and is Tricor's counsel. AS & E also would like to represent the Trustee. An attorney who represents a person or entity who is not disinterested similarly fails to meet the disinterested standard. *In re Roberts,* 46 B.R. 815, 822–23 (Bankr.D.Utah 1985), affirmed in part, modified in part, and reversed in part by 75 B.R. 402 (D.Utah 1987) (quoting *Roger J. Au & Son, Inc. v. Aetna Ins. Co.,* 64 B.R. 600, 604 (N.D.Ohio 1986)), cited with approval in *In re Prince,* 40 F.3d 356, 361 (11th Cir.1994); *In re*

*Keller Financial Services of Florida, Inc.,* 243 B.R. 806, 812 (Bankr.M.D.Fla.1999).

At attorney cannot represent an interested person and then claim a disinterested status for itself. AS & E is not disinterested. Therefore, AS & E cannot act as the Trustee's general counsel under Section 327(a). Having found that the Trustee cannot employ AS & E as general counsel pursuant to Section 327(a) of the Bankruptcy Code, the only remaining option for the Trustee is to use the exception for special counsel in Section 327(e).

*AS & E Does Not Qualify as Special Counsel Pursuant to the Limitations of Section 327(e).* As an exception to the strict disinterested requirements for general counsel under Section 327(a), Section 327(e) provides an exception for special counsel:

§ 327. Employment of professional persons

. . .

(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, *an attorney that has represented the debtor,* if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. (Emphasis added.)

■ To qualify for this narrow exception to Section 327(a), the trustee must establish: (1) the attorney will be employed for a specific special purpose approved by the court; (2) the attorney previously represented the debtor; (3) the employment will be in the best interest of the estate; and (4) the attorney does not represent or hold any interest adverse to the debtor or to the estate concerning the matter at hand. Section 327(e); *Meespierson Inc. v. Strategic Telecom Inc.,* 202 B.R. 845, 847–48 (D.Del.1996). The Trustee's application to employ AS & E as

special counsel fails to meet the first two elements.

■ The Trustee's purpose in employing AS & E is not for a specific special purpose. Paragraphs 2 and 3 of the Trustee's application do list specific reasons to employ AS & E: to object to the homestead exemption claimed by the Debtor and to investigate a specific mortgage encumbering the Debtor's homestead (Doc. No. 14). Paragraph 4 of the application, however, paints with a broad-brush stroke a multitude of general purposes for the employment of AS & E to such an extent that the law firm's duties appear to be the duties of general representation. The Trustee anticipates AS & E will conduct discovery, investigate concealed assets and avoidable transfers, recover such assets for the estate, and object to the Debtor's Chapter 13 plan. These services are the typical duties required of a Chapter 13 trustee or their general counsel. The tasks listed in paragraph 4 clearly go beyond the scope of the specified special purpose of Section 327(e). The Trustee's application for employment of AS & E fails for lack specificity in accordance with the requirements of Section 327(e) of the Bankruptcy Code.

■ The Trustee's application also fails because AS & E has never previously represented the Debtor. Section 327(e) expressly requires that, in order to serve as special counsel, the attorney must have previously represented the debtor. In face of this obvious requirement, few courts have discussed the question of whether Section 327(e) permits employment of special counsel when proposed counsel have not represented the debtor. Most courts that reach this issue agree with the plain meaning of the statute. *See, Meespierson,* 202 B.R. at 848 (holding that 327(e) requires prior representation of the debtor by attorney); *In re Black & White Cab Co. Inc.,* 175 B.R. 24, 26 (Bankr. E.D.Ark.1994) (attorney must have previously represented debtor); *In re French,* 139 B.R. 485, 489 (Bankr.D.S.D.1992)

(finding that no prior connection with debtor prevented retention under Section 327(e)); *In re Ginco Inc.*, 105 B.R. 620, 621 (D.Colo.1988) (holding that Section 327(a) applies and not Section 327(e) where attorney has no prior representation of debtor).

Two courts take the opposite position. *Fondiller v. Robertson (In re Fondiller)*, 15 B.R. 890, 892 (9th Cir. BAP 1981), *appeal dismissed*, 707 F.2d 441 (9th Cir. 1983) (the appeal was brought by the wife of the debtor and thus was summarily dismissed for lack of standing); *In re Aro-Chem Corp.*, 181 B.R. 693, 698 (Bankr. D.Conn.1995), *appeal dismissed*, 198 B.R. 425 (D.Conn.1996) *aff'd*, 176 F.3d 610 (2nd Cir.1999). The *Fondiller* bankruptcy court referenced a congressional oversight in finding that the legislature simply left out provisions for creditor's attorneys in 327(e). *Fondiller*, 15 B.R. at 892. Similarly, the court in *AroChem* decided by judicial fiat to rewrite Section 327(e) to remove the requirement that special counsel previously must have represented the debtor to reach the same result. *AroChem*, 181 B.R. at 699.

The United States District Court in Delaware in *Meespierson* correctly concluded that *AroChem* misinterpreted *Fondiller's* holding.

> The court's discussion of § 327(e) arose simply in the context of statutory interpretation. In support of its [the *Fondiller* court's] position, the court examined the provisions of § 327(e), and concluded that the statutorily approved appointment of an attorney who had already represented a creditor of the debtor was no higher than the statutorily approved appointment of an attorney who had already represented the debtor under § 327(e). *Id.* [*Fondiller*, 15 B.R. at 892] The *Fondiller* court did not hold that the failure of § 327(e) to address appointment of creditors' attorney was simply an oversight; instead the court clearly intended this reasoning to arise under § 327(a) and § 327(c).

*Meespierson*, 202 B.R. at 849. Further, even the Ninth Circuit Court of Appeals has failed to accept the reasoning in *Fondiller*. *See, Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir.1993), *cert. denied*, 510 U.S. 867, 114 S.Ct. 190, 126 L.Ed.2d 148 (1993) (finding that the *Fondiller* court simply reasoned by analogy to Section 327(e) to conclude that there is not an automatic conflict when special counsel has represented a creditor of the debtor).

The majority's reasoning that Section 327(e) requires the proposed special counsel to have previously represented the debtor is the proper result. The legislative history of Section 327(e) states that Section 327(e), "... will most likely be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." H.R. Rep. No. 595, 95th Cong., 1st Sess. 328 (1977), U.S.Code Cong. & Admin.News 1977, p. 5963; S. Rep. No. 989, 95th Cong., 2d Sess. 38–39 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. With this intent in mind, Congress would have no reason to include a *creditor's* counsel as special counsel in Section 327(e). Indeed, Congress appears to have intentionally omitted creditor's attorneys from the more liberal retention standard of Section 327(e). A trustee is free to employ multiple general counsels for general representation or for limited purposes, as long as each attorney meets the requirements of Section 327(a). However, only attorneys who formerly represented the debtor qualify for special treatment under Section 327(e). AS & E never represented the Debtor, and they cannot qualify as special counsel pursuant to Section 327(e) of the Bankruptcy Code.

■ *Section 327(c) of the Bankruptcy Code is Not Applicable to This Case.* AS & E argues that the Debtor lacks standing to object to AS & E's retention under Section 327(c). Section 327(c) is not applicable to this case. Section 327(c) only applies in

Chapter 7, 12, or 11 cases under Title 11. The Debtor's bankruptcy case was filed under Chapter 13, therefore, Section 327(c) does not apply to this case. The Debtor has standing to assert its Objection.

*Conclusion.* AS & E does not qualify as general counsel pursuant to Section 327(a) of the Bankruptcy Code because the firm is not disinterested. Pursuant to Section 327(e) of the Bankruptcy Code, AS & E does not qualify as special counsel because the Trustee seeks to employ the firm for general representation purposes, and the firm has not previously represented the Debtor. Therefore, the Court sustains the Debtor's Objection and denies the Trustee's application to employ AS & E. A separate order in accordance with these Findings of Fact and Conclusions of Law shall be entered.