**In the Matter of Justin COLIN, Debtor.**

**Bankruptcy No. 82 B 11541.**

United States Bankruptcy Court,
S.D. New York.

Jan. 28, 1983.

Skadden, Arps, Slate, Meagher & Flom, New York City, for debtor.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for the Creditors' Committee.

JOHN J. GALGAY, Bankruptcy Judge.

By order to show cause dated December 14, 1982, Justin Colin, an individual debtor in possession, seeks authorization to retain special counsel, Lans Feinberg & Cohen, to represent the debtor in divorce proceedings instituted by the debtor's spouse after the filing of the debtor's chapter 11 petition. Besides representation in the divorce proceedings, special counsel would advise the debtor concerning various *inter vivos* trusts created for the Colins' children. The Committee of Unsecured Creditors ("Committee") objects to retention of special counsel as an unnecessary and unwarranted burden on the estate, arguing that: (1) the estate is neither in jeopardy nor likely to be augmented by the divorce proceedings; and (2) debtor's counsel is able to advise Colin regarding *inter vivos* trusts. After considering the papers submitted, the arguments presented and the applicable law, the Court authorizes limited retention of special counsel, the restrictions of said retention being more fully explained below.

*Discussion*

Pursuant to Bankruptcy Code section 327, this Court may approve the retention of professional persons, including attorneys, to represent or assist the debtor in the execution of his duties. 11 U.S.C. § 327(a). Among those duties is accountability for the property of the estate. *See* 11 U.S.C. §§ 1106, 1107, 704. The debtor seeks the

assistance of Lans Feinberg to "protect and preserve the estate "in a divorce action instituted by the debtor's spouse in state court. Application of Debtor for Order Authorizing Retention dated December 14, 1982, ¶ 7(a). Debtor also seeks special counsel's advice regarding certain *inter vivos* trusts. Debtors Application ¶ 7(b). Initially, the debtor also argued that he may have a recovery by way of property settlement or equitable distribution, said recovery inuring to the estate. However, the Committee has argued that for such a recovery to benefit the estate, the debtor's acquisition rights must become fixed within 180 days after the filing of the petition, i.e., on or about February 7, 1983. *See* 11 U.S.C. § 541 (a)(5)(B). Apparently accepting such a reading of the pertinent Code section and realizing that the debtor's rights will not be fixed before February 7th, the debtor has not pressed his assertion that the estate may acquire any property from the divorce proceeding. Essentially, special counsel would protect the estate, not augment it.

This Court understands that the divorce proceeding encompasses both an action to dissolve the marriage and ancillary relief to determine rights in separate and marital property pursuant to New York State's recently enacted equitable distribution law. *See* N.Y.Dom.Rel.Law § 236 Part B (McKinney's 1981). The debtor argues that the divorce proceeding could affect the Chapter 11 reorganization in several ways. First, the divorce court could grant rights or interests to Mrs. Colin in pre-petition property. Consequently, that property would not be property of the estate and the estate would be diminished. Second, certain findings made by the state court may be given collateral estoppel effect in this forum. These findings might affect the validity or amounts of claims that Mrs. Colin will file in this Chapter 11 proceeding. Third, Mrs. Colin may be granted rights or interests in debtor's property currently in the Chapter 11 estate. Presumably, Mrs. Colin could not seek satisfaction from such property without seeking relief from the section 362 stay or awaiting confirmation of

a plan. However, the findings and orders of the state court may bear upon this Court's decision whether to grant relief from the stay. Thus, again the state court divorce proceedings may affect the reorganization case. The debtor's bankruptcy counsel states that it has no expertise in divorce proceedings and that debtor requires special counsel to protect the estate.

The Committee opposes retention. First, the Committee argues that the divorce proceeding will not affect the Chapter 11 proceeding. If Mrs. Colin is granted rights or interests in pre-petition property, the Committee argues, then that property is not included in the estate. If Mrs. Colin is granted rights or interests property that is currently in the Chapter 11 estate, she is stayed from going against such property until and if such property reverts to Mr. Colin after confirmation. If Mrs. Colin files a claim in this Court, the Committee is confident that pursuant to the Supremacy Clause and the operation of Code section 541, any property interest granted to her in the divorce proceeding would be disallowed in this forum. The Committee also avers that this Court is not compelled to give estoppel effect to state court findings.

■ This Court is not convinced that the divorce proceedings will have no effect on the Chapter 11 case. The equitable distribution law in New York is recently passed and its scope is not yet defined. Indeed, each passing week seems to bring news of state court decisions expanding the property in which spouses may claim interests. The Committee urges the Court to await the outcome of the divorce proceeding, confident that any claim arising from that divorce action will be invalid in bankruptcy or, at least, incapable of satisfaction from the Chapter 11 estate. This Court believes that the debtor should prosecute his case fully in the state court and not wait for the issues to arise within the context of bank-

ruptcy case.[1] To prosecute the case, the debtor requires special counsel.

The Committee's second argument is that special counsel should not be retained but rather should come before this Court at the end of the case. If special counsel could, at that time, demonstrate a benefit to the estate gained by their services, then special counsel could receive compensation pursuant to Bankruptcy Code section 503(b).

■ The Court rejects the argument. Special counsel would be retained to protect the estate. Demonstration of benefit would be difficult given the defensive nature of the representation. Retention at the outset is preferable.

■ Finally, the Committee argues that Mr. Colin is financially capable of retaining Lans Feinberg himself; and, thus, the cost should not be imposed on the estate. The Committee asserts that Mr. Colin earns $72,000.00 per year. Debtor's counsel responds that his salary is much less and his employment status is tenuous. Apart from such assertions, the Court observes that the retention is to protect estate property. Retention by the debtor, not Mr. Colin personally, is proper.

■ The Court does perceive that special counsel's services in the divorce proceeding will concern the dissolution of the marriage as well as disposition of property. The latter is within the scope of the retention authorized; the former is not. The Court is cognizant of the fact that distinguishing representation which concerns property and representation concerning other matters will be difficult. Applications for compensation must be detailed and comprehensive. The Court anticipates that hearings on compensation may be long and complex. Nonetheless, the Court is certain that, with proper documentation by applicants, compensation may be awarded for those services

---

1. Indeed, this Court anticipates that it will be addressing these issues in the near future. Mrs. Colin may institute an action in this Court to lift the automatic stay and continue her state court action. In determining whether or not to lift the stay, this Court will consider issues of adequate protection and other causes to grant relief. The debtor will have to be prepared to argue the implications of equitable distribution and other marital law issues on the Chapter 11 proceeding.

**90**

which concerned the estate. As a precaution, this Court sets an initial $25,000.00 ceiling on special counsel's fees, while awaiting developments in this case dealing with such undefined and murky areas. The Court will entertain a motion to lift the limit at an appropriate future date.

Finally, regarding retention for advice on the *inter vivos* trusts, neither the debtor nor the Committee addressed this in detail. However, the Court will authorize retention for that purpose, expecting, at a hearing on compensation, a full explanation of the impact of such trusts on Chapter 11 property.

It is so ordered.