In re Henry **GHERMAN**, First Financial Planning Corporation of South Florida, Inc., and Financial and Investment Planning, Inc., a/k/a F.I.P., Debtors.

James S. **FELTMAN**, Trustee for Henry Gherman and Financial & Investment Planning, Inc., a/k/a FIP, Inc., Plaintiffs,

v.

Ramsey **CLARK**, Defendant.

Bankruptcy No. 88–03266–BKC–TCB.
Adv. No. 89–0069–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

May 8, 1989.

John W. Kozyak, Miami, Fla., Ronald R. Peterson, Michael S. Elvin, Jenner & Block, Chicago, Ill., for plaintiffs.

Kelley Drye & Warren, Smathers & Thompson, Joel M. Aresty, Miami, Fla., for defendant.

1. A prayer to recover a gold watch, count 3, was abandoned at trial.

MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

In three counts, the plaintiff bankruptcy trustee seeks $32,500 from the defendant attorney as fraudulent transfers.[1] Defendant has answered (CP 4) and the matter was tried March 30. The parties stipulated that the March 2 evidentiary record in Adversary Proceeding 88–0581 be a part of this record. This court's Memorandum Decision of April 13 upon that record is incorporated by this reference.

As I see it, plaintiff has, in this instance, misconceived the appropriate remedy.[2] The payments in question were unauthorized and improper payments (a retainer and costs) for legal services, subject to the remedy of 11 U.S.C. § 329 and B.R. 2017. They are not fraudulent transfers.

The salient facts are simple. Defendant, an outstanding attorney of impeccable reputation whose good faith and the reasonableness of whose charges are both conceded, was retained in mid-June 1988 by Gherman to represent him if and when Gherman were indicted.

After Gherman's indictment, defendant arranged Gherman's extradition from Japan and negotiated a plea agreement in the Miami District Court. In that service, defendant travelled in October 1988 to Japan and, in December 1988 and in February 1989, to Miami.

Defendant was paid $25,000 as a retainer from the bank account of Financial & Investment Planning, Inc. (FIP) July 15, 1988 (34 days before involuntary bankruptcy petitions were filed against Gherman and FIP). In October 1988 (a few weeks after an Order for Relief was entered September 22, 1988 upon the involuntary petitions), he was paid an additional $7,500 on account by a Taiwanese prison official at Gherman's direction from funds in Gherman's possession when he was taken into custody.

Neither payment was made by Gherman with actual intent to defraud creditors.

2. In his Post–Trial Memorandum, the trustee makes (as an alternative argument) the point made here. (CP 9 at 18 ff.). Defendant has made no response to this alternative argument.

Gherman received reasonably equivalent value. The debtor FIP (the source of both payments) was never a client and received no value; however, as has been said, the appropriate remedy is not § 548; it is § 329.

The payments to defendant are subject to this court's review and recovery by the specific provisions § 329. For the reason which follows, it is clear to me that both of the payments, which are in question here, must be returned to the FIP estate.

I am bound by the District Court's decision in *In re Duque*, 48 B.R. 965 (S.D.Fla. 1984), which held that a bankruptcy debtor-in-possession cannot employ and use estate funds to pay criminal counsel in connection with the defense of criminal charges arising out of prebankruptcy activities.

The District Court's holding was followed by this court in this case when Gherman's *postpetition* application to employ criminal counsel was denied on January 30, 1989 (CP 207). That Order, though on appeal (CP 224), has been neither stayed nor superseded. FIP has never sought leave to retain defendant's services.

This court cannot permit defendant to retain funds obtained within the year before bankruptcy from either the FIP or Gherman estates, when they were paid without court authorization for legal services which have been expressly disapproved as charges against these bankruptcy estates.

Defendant is ordered to return forthwith $32,500 to the trustee for the account of the FIP estate. This Order is (of course) without prejudice to a renewal of defendant's application under § 328 and B.R. 2016 if and when the use of estate funds to pay criminal counsel for the defense of criminal charges is authorized by the District Court.

DONE and ORDERED.