**In re Norman Eugene (Jim) FRENCH, Debtor.**

**Bankruptcy No. 91–40108–PKE.**

United States Bankruptcy Court,
D. South Dakota, S.D.

April 21, 1992.

See also 139 B.R. 476.

J. Bruce Blake, Blake Law Offices, Sioux Falls, S.D., for debtor Norman Eugene (Jim) French.

Kevin V. Schieffer, U.S. Atty., and Craig Peyton Gaumer, Asst. U.S. Atty., Sioux Falls, S.D., for the Farmers Home Admin.

Bruce J. Gering, Sioux Falls, S.D., for the U.S. Trustee.

Rick A. Yarnall, Sioux Falls, S.D., Atty., and Chapter 12 Trustee.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The matter before the Court is an Application for Order Approving the Employment of an Additional Non-bankruptcy Attorney filed on behalf of Norman Eugene (Jim) French (Debtor) by Sioux Falls attorney J. Bruce Blake and the objections thereto filed by the United States of America, by and through Kevin V. Schieffer, United States Attorney, and Assistant United States Attorney Craig Peyton Gaumer on behalf of the Farmers Home Administration (FmHA) and by the Standing Chapter 12 Trustee (Trustee) Rick A. Yarnall. A hearing was held February 20, 1992, and the matter was taken under advisement. Briefs were filed by the aforementioned parties. In addition, a brief was also filed by the United States Trustee at the request of the Court, pursuant to 28 U.S.C. § 586(a)(3)(H)[1]. The Court issues this ruling which shall constitute Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 7052. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1).

### I.

### BACKGROUND

On February 12, 1991, Debtor filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code. At the time of filing, Debtor was in the midst of protracted divorce proceedings in state court. On November 7, 1991, Debtor applied to the

---

**1.** This section states the United States Trustee is responsible for monitoring applications filed under 11 U.S.C. § 327 and, if appropriate, may file with the court comments with respect to approval of such applications.

Bankruptcy Court for an order granting authorization to hire a nonbankruptcy attorney. Debtor seeks defense counsel for a state court jury trial involving criminal charges stemming from an alleged act of perjury that occurred during a prepetition divorce hearing. Debtor's application states that the employment is necessary because Debtor "is not an attorney and needs representation and assistance." In response to the application, the Trustee notes Debtor's noncompliance with Bankruptcy Rule 2014(a) as demonstrated by failure to provide specific facts supporting a need for employment, including the alleged violation of the state statute.[2] The FmHA filed an objection for failing to identify any benefit the bankruptcy estate would receive from such employment. FmHA contends that a trustee does not have a duty to defend a debtor from criminal prosecution and the Bankruptcy Code only allows the trustee or debtor-in-possession to hire professionals to represent the trustee in carrying out trustee duties.

Debtor testified on February 20, 1992, that the state court appointed a defense attorney. The attorney, Debtor's third and former divorce counsel, advised Debtor to plead guilty to the criminal charge. Unwilling to follow this advice, Debtor discharged the attorney. Debtor's testimony also revealed that his brother offered to pay for another criminal attorney without any expectation of being repaid. Nonetheless, Debtor requests the bankruptcy estate pay for legal services provided by Debtor's hand-picked attorney.

Debtor filed a brief to bolster his application for authority to hire new defense counsel. The brief consists of "additional statements of fact." The first set of facts concerns the state court judge's conduct in Debtor's divorce case. The judge sent a letter to the Chapter 12 Trustee, United States Attorney, United States Trustee, the Attorney General for the State of South Dakota, and others. The letter raised the issue of perjury. Debtor believes this correspondence triggered the subsequent criminal indictment. The state court judge has since recused himself from the divorce. Nonetheless, Debtor argues that the pool of available substitute court appointees from Beadle County, or even from the Third Judicial Circuit, is contaminated because such potential appointees might shy away from defending Debtor "for fear of chilling his future relationship" with the divorce court judge. This rationale is highly speculative and has no basis in fact. Omitting any comment as to the state court judge's conduct, suffice it to say this hypothetical scenario does little to support the argument that bankruptcy estate funds should be used to defend Debtor's pending criminal trial.

The second section of Debtor's brief in support concerns FmHA's conduct in Debtor's bankruptcy case. Debtor believes that by filing motions to dismiss and filing other various motions and objections, FmHA has "declared war" on Debtor and wants to "financially assassinate and liquidate him." Debtor believes FmHA is determined to make Debtor's reorganization impossible. If this is accomplished, Article 9 of the Uniform Commercial Code will control and afford FmHA a greater security interest yielding greater proceeds once foreclosure occurs which, Debtor states, will greatly reduce FmHA's unsecured position as it exists in the bankruptcy case.

These, then, are the two theories that form Debtor's foundation to support the use of bankruptcy estate funds to hire a criminal defense attorney: that using estate funds would 1) increase the probability of obtaining qualified, dedicated defense counsel and 2) avert FmHA's hostile annihilation strategies targeted at Debtor.

---

**2.** A fee agreement between Debtor and the proposed criminal defense attorney was attached and submitted with the application. The fee agreement refers to violation of S.D.C.L. § 22–29–1 and –5(2). Chapter 22–29 pertains to perjury and false official statements. Section 1 defines perjury, and Section 5(2) sets forth felony classes of perjury. Neither the fee agreement nor the application provides specific details supporting the need for employment. Subsequent hearings revealed the allegations relate to Debtor's testimony concerning titling of two pickups.

The main issue is whether a debtor, pursuant to 11 U.S.C. § 327, is authorized to utilize bankruptcy estate funds to hire an attorney to defend criminal charges of perjury when the alleged act occurred prepetition and when the debtor discharged a court-appointed attorney for providing unacceptable legal advice, but when little attempt is made to show that such use of funds will benefit the bankruptcy estate. A second issue is whether denying a request for a substitute court-appointed attorney would violate Debtor's Sixth Amendment right to assistance of counsel when Debtor-defendant dismissed the original court-appointed attorney for recommending a guilty plea.

## II.

### EMPLOYMENT OF PROFESSIONAL PERSONS

■■■ A professional may not be employed by a trustee without the court's approval. The method for obtaining approval is found in Bankruptcy Rule 2014(a). The rule provides an applicant with a checklist of requirements necessary for obtaining court approval. The rule requires the application to state "specific facts showing the necessity for the employment." Bankr.R. 2014(a). The application in this case does not fulfill this requirement. There were no specific facts in Debtor's application to show a need to employ special criminal counsel. The requirement for complete disclosure is important and acts as a system of checks and balances on employment and compensation of professionals. *See In re EWC, Inc.,* 138 B.R. 276 (Bankr.W.D.Okla.1992) (discussing the importance of disclosure requirements under 11 U.S.C. § 327(a)).

### 11 U.S.C. § 327(a)

■■■ In addition to the rule, Section 327 of the Bankruptcy Code provides for professional employment. Debtor's applica-

tion did not cite any of the six specific subsections, but since two might arguably apply, the Court will discuss them both. The first section states:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a)[3]. This section authorizes professionals to assist or carry out trustee duties. The essential trustee duties are found in 11 U.S.C. § 704 and concern the property of the bankruptcy estate. For example, the trustee has a duty to "collect and reduce to money" the estate property, to "be accountable for all property," and to prepare and file final reports for the administration of the estate. 11 U.S.C. § 704(1), (2), and (9). In addition, the trustee, or debtor-in-possession, is responsible for managing and operating the property according to the "requirements of the valid laws of the State in which such property is situated...." 28 U.S.C. § 959(b). There is no authority to employ professional services for activities that do not relate to trustee duties.

■■■ Since the Code does not provide for the employment of services that extend beyond the trustee's duties, and since the duties of the trustee as set forth by the Code deal with property of the estate, this Court maintains that a trustee does not have a duty to defend a debtor for prepetition criminal prosecutions that do not affect property of the estate. Section 362 provides grounds to conclude that estate property and trustee duties are unaffected by criminal proceedings. The automatic stay provisions of the Code do not affect "the commencement or continuation of a criminal action or proceeding against the

---

**3.** The trustee represents the estate, as stated in 11 U.S.C. § 323, and the Code provides that any reference to trustee applies to a Chapter 12 petitioner acting as debtor-in-possession: "... a debtor in possession shall have all the rights ... of a trustee serving in a case under chapter 11, including operating the debtor's farm." 11 U.S.C. § 1203. Hence, under Section 327, the debtor-in-possession, like the trustee, may, with court approval, employ a professional person.

debtor." 11 U.S.C. § 362(b)(1). *See also In re Duque*, 48 B.R. 965, 973 (D.S.D.Fla. 1984); *In re Delk*, 27 B.R. 86 (Bankr. W.D.Okla.1983). "The purpose of bankruptcy is to protect those in financial, not moral, difficulty. The bankruptcy courts were not created as a haven for criminals." *Barnette v. Evans*, 673 F.2d 1250, 1251 (11th Cir.1982).

In addition to assisting or carrying out trustee duties, Section 327 also requires the professional to be disinterested and free of any interests adverse to the estate. The term "disinterested person" is defined in Section 101 of the Code.[4] In this case, Debtor's application states that the requested attorney has no connection with the Debtor, creditors, or other parties in the bankruptcy case. This satisfies the "disinterested person" requirement.

### 11 U.S.C. § 327(e)

█ The second Code provision, 11 U.S.C. § 327(e), acts as an exception to Section 327(a)'s disinterestedness requirement and omits the requirement to assist in or carry out the trustee's duties:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). In other words, attorney services cannot be used to represent the trustee in the conduct of the bankruptcy case, the attorney must have represented the debtor prior to the time of approval, the professional services must be in the best interest of the estate, and the attorney must not have any interests adverse to the debtor or the estate.

In this case, providing a criminal defense is, in fact, for a purpose other than "to represent the trustee in conducting the case"; therefore, the first requirement of Section 327(e) is met. The next requirement is that the attorney "has represented" the debtor. Subsection (e) is an exception to the disinterested person requirement of Subsection (a) in that professional employment can be approved even though the professional is not "disinterested." Subsection (e) authorizes employment "notwithstanding the attorney's prior connection with the debtor, in order to permit the utilization of special knowledge and experience which may be of substantial benefit to the estate." 2 L. King, *Collier on Bankruptcy* ¶ 327.03 at 327–70 (15th ed. 1983). The Historical and Revision Notes to 11 U.S.C. § 327 state Subsection (e) will typically be used "when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." In this case, the only prior connection Debtor has had with any criminal counsel is with the attorney appointed by the state court, whom Debtor later discharged for providing unacceptable plea advice. Debtor has had no prior connection with or representation by the proposed attorney for hire in the pending criminal case. Any detriment that may exist to the pending criminal case is a result of Debtor's voluntary change in attorneys, not because of any scenario envisioned by the drafters of this provision.

The requirement that the attorney not hold any interest adverse to the estate with respect to the matter the attorney will be employed is similar to the requirement

---

**4.** Paragraph 14 of Section 101 sets out a five-part test that, if met, means an individual is "disinterested." If not met, the individual is not disinterested and will only be approved by the court if the exceptions to Section 327(a) are met, as outlined in Subsections (c) or (e), or in 11 U.S.C. § 1107(b). A person is disinterested if (1) not a creditor, equity security holder, or insider; (2) is not and was not an investment banker of the debtor for any outstanding securi-ty of the debtor; (3) has not been an investment banker for a security of the debtor (or attorney for such investment banker) within three years before filing; (4) is not an insider of the debtor or of such an investment banker; and (5) does not have an interest materially adverse to the estate. 11 U.S.C. § 101; 2 L. King, *Collier on Bankruptcy* ¶ 327.03 at 327–25, –26 (15th ed. 1983).

found in Subsection (a), so the last requirement of Subsection (e), and perhaps the most important, is that the attorney's employment must be in the best interest of the estate. The leading case analyzing this requirement in conjunction with the requirements of 11 U.S.C. § 327 is *In re Duque*, 48 B.R. 965.

## CASE LAW AND BEST INTEREST OF THE ESTATE

The debtor in *Duque* argued that using estate funds to pay for criminal counsel would benefit the estate because such employment would "assist the debtor against potential claims for criminal fines, forfeitures and penalties...." *Id.* at 970. Additionally, the debtor believed such use would allow "active participation by the debtor in the administration of the estate by assuring his assistance in marshalling assets and objecting to claims." *Id.* Although the bankruptcy court initially allowed the employment and use of estate funds to pay for counsel in connection with criminal charges arising from debtor's prebankruptcy activities, the district court reversed this decision.

In persuading the district court to vacate the order, the appellant in *Duque* contended that upon filing, two entities are created and two types of duties and responsibilities are imposed. As an individual, the debtor must give up nonexempt property, file schedules of assets and liabilities, file administrative reports, cooperate with the trustee if appointed, and eventually obtain a fresh start through discharge. *Id.* at 969. On the other hand, the debtor, as debtor-in-possession, is "saddled" with trustee-type duties involving marshalling assets, using powers of avoidance or preference or fraudulent conveyance to increase assets, administering business interests of the estate, and "presumably" distributing assets to creditors through a plan of reorganization. *Id.* Given these two entities, any criminal prosecution involving prebankruptcy activities would attach to the debtor as an individual. The estate would not be concerned in the least with defending such prosecution. *Id.* The dis-

trict court was persuaded by this distinction, and the decision was reversed.

The *Duque* court formulated the following standard to determine if employing special criminal counsel is warranted:

1. The attorney's employment must be in the best interest of the estate, which means the property of the estate is threatened, and the need for services is real. The employment cannot be based upon some "hypothetical or speculative" benefit. *Id.* at 974–75.

2. The special counsel must provide a benefit to the estate, not merely a personal benefit to the debtor. The benefit is "gauged by the needs of the estate and directly related to the ... debtor-in-possession's performance of the duties and responsibilities imposed by the Bankruptcy Code." *Id.* "[C]riminal investigation and prosecutions for pre-filing activity are matters which concern only the debtor personally." *Id.*

3. Any issues concerning violations of a debtor's constitutional rights "posed by criminal investigations or prosecutions occurring after the filing are of concern to the criminal forum, not the bankruptcy court." *Id.*

The analysis used in *Duque* has yielded the same results repeatedly: "[A] bankruptcy debtor-in-possession cannot employ and use estate funds to pay criminal counsel in connection with the defense of criminal charges arising out of prebankruptcy activities." *In re Gherman*, 101 B.R. 367 (Bankr.S.D.Fla.1989). In *In re Tashof*, the debtor was investigated for securities fraud, and the court stated, "The estate per se has no interest in whether or not Mr. Tashof faces criminal charges.... The only thing that the employment of special counsel could produce for the unsecured creditors is additional expense." *In re Tashof*, 33 B.R. 225, 228–29 (Bankr.D.Md. 1983). Likewise, in *In re Ford Concepts, Inc.*, 85 B.R. 893 (Bankr.S.D.Fla.1988), the court found that "[t]he criminal matters which plagued this debtor ... were never the concern of the bankruptcy administration." *Id.* In *In re United Church of the Ministers of God*, 84 B.R. 50 (Bankr.

E.D.Pa.1988), the court also found that debtor's criminal counsel was not entitled to compensation absent a showing that the bankruptcy estate would benefit from the defense of debtor's prepetition crimes. The court stated, "We fail to discern the presence of any 'actual and real' threat to the proceeds of these estates which will be affected by the criminal proceedings ... irrespective of their outcome...." *Id.* at 55.

In *Official Committee of Disputed Litigation Creditors v. McDonald Investments, Inc.,* 42 B.R. 981 (Bankr.N.D.Tex. 1984), the bankruptcy court authorized the use of estate funds for criminal counsel when it found that it would take substantial time for other counsel to prepare an effective defense to the criminal complaint.[5] In *McDonald,* the debtor also stated that there were no other assets with which to pay for counsel. Neither of these arguments, however, works to support Debtor's position. In fact, Debtor testified that his brother offered to hire substitute counsel at his own expense. Debtor, however, declined the offer.

■ Based upon previous case analysis involving the requirements of Section 327 of the Bankruptcy Code, and based upon the facts and arguments presented in this case, the Court concludes that Debtor is not permitted to use estate funds to pay for nonbankruptcy counsel in his pending criminal prosecution. This is not to say that such employment may never be approved. However, Debtor in this case has not presented any arguments to show such employment would be in the best interest of the estate; neither can the Court find any rationale on its own that would allow this application to be approved. Debtor simply asserts that one party to the bankruptcy proceeding has a plot to "financially assassinate" Debtor, and that because of a state court judge's conduct, the pool of substitute court-appointed attorneys may be contaminated; ergo, approval to use estate funds to hire a new, specially chosen

attorney is justified. These theories are too speculative and do not fulfill the three-part standard announced in *Duque,* a standard that subsequent courts have followed routinely.

### III.

### SIXTH AMENDMENT RIGHT TO COUNSEL

■ A second issue concerns Debtor's Sixth Amendment right to counsel. The Sixth Amendment guarantees that a convicted defendant will not be imprisoned if he has not had the assistance of counsel. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Pursuant to South Dakota law, a defendant, after showing a financial inability to obtain legal counsel, will be provided appropriate legal representation. S.D.C.L. § 23A–40–6. Here, Debtor enjoyed Sixth Amendment privileges through state-court-appointed counsel. And where the trial court knows that an appointee is competent, it is presumed that such counsel provides adequate representation despite the fact that counsel advises a plea of guilty. *Crowe v. State,* 86 S.D. 264, 194 N.W.2d 234 (1972). An indigent defendant is not entitled to force the court to appoint counsel of his own choosing, but, rather, the defendant must accept such counsel absent some compelling reason to the contrary. *State ex rel. Burns v. Erickson,* 80 S.D. 639, 129 N.W.2d 712 (1964).

■ A defendant does have a right, however, to have a court discharge court-appointed counsel and then make substitution if it is shown that failure to discharge and substitute counsel would impair or deny the right to effective counsel, but this is not an absolute right. *Right of defendant in criminal case to discharge of, or substitution of other counsel for, attorney appointed by court to represent him,* 157 A.L.R. 1225–26 (1945). In this case, Debtor's attorney merely advised a plea of guilty. Debtor did not assert that the at-

---

5. The district court vacated the bankruptcy court's order and remanded the case with directions to enter an order denying debtor's ap-

plication since it was not in the best interest of the estate.

torney refused to enter any other plea. Absent some compelling reason for the discharge, it would seem, then, that even if the state court would decline to appoint a second defense attorney for Debtor's pending criminal prosecution, there would be no violation of the Sixth Amendment. Neither is there any violation as a result of this Court's decision not to approve the application at hand. *Off. C. of Disputed Lit. Cr. v. McDonald Inv.*, 42 B.R. at 986.

## IV.

## CONCLUSION

Bankruptcy Rule 2014(a) provides a trustee with application instructions for obtaining approval to hire a professional person. The rule sets forth information that must be included in the application. The application in this case failed to include specific facts showing a need to use estate funds to hire this nonbankruptcy attorney.

The Bankruptcy Code allows for the employment of professional persons who are disinterested, who will carry out or assist in carrying out the trustee's duties, and who have no interests adverse to the estate. 11 U.S.C. § 327(a). The Debtor fails to convince the Court that defending Debtor's prepetition activities, now the subject of criminal perjury proceedings, is part of the trustee duties.

The Bankruptcy Code also allows for the employment of professionals who are not disinterested if the purpose of the employment is in the best interest of the estate, if the attorney has had a connection to the debtor prior to the application, and if the attorney has no interests adverse to the estate. Debtor has failed to show that employing a new criminal defense attorney is in the best interest of the estate. The Court finds that preparing Debtor's perjury defense is a benefit personal to the Debtor, not the bankruptcy estate. Debtor also fails to show any prior connection with the attorney identified in the application at issue.

For these reasons, the Application for Order Approving the Employment of an Additional Non-bankruptcy Attorney is de-

nied. The Court will enter an appropriate order.