**In re Gordon E. MAYNARD, Debtor.**

**Bankruptcy No. 92–2115–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 13, 1994.

Guillermo A. Ruiz, St. Petersburg, FL, for Gordon E. Maynard.

Ralph Jay Harpley, Trustee, Tampa, FL.

Marsha G. Rydberg, Tampa, FL, for Constance Maynard.

Stichter, Riedel, Blain & Prosser, Richard C. Prosser, Tampa, FL, Jones, Day, Reavis & Pogue, J. Kevin Cogan, Columbus, OH, special counsel for Trustee Harpley.

## ORDER ON APPLICATION TO EMPLOY STICHTER, RIEDEL, BLAIN & PROSSER AND JONES, DAY, REAVIS & POGUE AS SPECIAL COUNSEL FOR TRUSTEE

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is an Application to Employ Stichter, Riedel, Blain & Prosser and Jones, Day, Reavis & Pogue (Law Firms) as Special Counsel for the Chapter 7 Trustee filed by Ralph Jay Harpley, the duly appointed Chapter 7 trustee (Trustee) in the above captioned case. In his Application, the Trustee seeks to employ the Law Firms on special retainer to represent the estate in an Adversary Proceeding seeking to recover a transfer claimed to be fraudulent. In opposition, Gordon Maynard (Debtor) who filed an Objection to the Application to employ the Law Firms contends that the Law Firms sought to be employed by the Trustee represented the Ohio Company, a creditor who successfully challenged the Debtor's right to a general discharge. Based on this, the Debtor contends that the Law Firms have a conflict thus not eligible to represent the estate. The facts relevant to resolution of this controversy are as follows:

On February 18, 1992, the Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code. The Ohio Company shortly after filed a Complaint and challenged the Debtor's right to a general discharge pursuant to §§ 727(a)(2)(3)(4) and (5) of the Code and the dischargeability of the debt owed by the Debtor to the Ohio Company pursuant to § 523(a)(4) based on its claimed right to indemnification. In addition, the Ohio Company also filed an unsecured claim in the amount of $4,238,272.94 on May 20, 1992.

On February 3, 1994, this Court entered its Final Judgment and denied the Debtor's right to the protection of the general discharge.

On February 4, 1994, the Trustee filed his Application to employ the Law Firms as special counsel for the estate to pursue an adversary proceeding to establish and avoid certain transfers claimed to be fraudulent.

The Debtor filed an Objection to the Application on February 11, 1994, contending that the Law Firms represent an interest adverse to the estate as a result of its representation of the Ohio Company. According to the Debtor, the Trustee is responsible to object to claims, one of which might be the Ohio Company's claim, therefore, interests of the Law Firms and the estate are adverse.

Employment of professionals is governed by § 327 of the Code. Section 327 of the Bankruptcy Code provides, in pertinent part, as follows:

327. Employment of professional persons.

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

\* \* \* \* \* \*

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

█ Although § 327 prohibits an attorney from simultaneously representing a creditor and a trustee as general counsel, the cases are uniformly in agreement that this prohibition does not apply where the attorney is representing the trustee only as special counsel employed for a specific and limited purpose. *In re Fondiller,* 15 B.R. 890 (9th Cir. BAP 1981); *In re Sally Shops, Inc.,* 50 B.R. 264 (Bankr.E.D.Pa.1985); *In re National Trade Corp.,* 28 B.R. 872 (Bankr.N.D.Ill. 1983).

█ In the instant case, it is clear that the Law Firms sought to be employed was not to be employed to represent the Trustee in the general administration of the case. The basis of the Debtor's Objection is the statement that the Ohio Company filed a claim, that it is the Trustee's duty to examine the proof of claims and object to the allowance of any claim that is improper.

The difficulty with the Debtor's Objection is obvious. First, there is no allegation in the Objection that there is a valid basis to object to the claim of the Ohio Company. Second, there is no allegation that even if there is a valid basis to challenge the claim of the Ohio Company, that the Trustee would not exercise an independent unbiased judgment and will not object to the claim if warranted.

Based upon the foregoing, this Court is satisfied that the Law Firms are qualified to represent the Trustee, however, only in the capacity of special counsel, and limited to the pursuit of a fraudulent transfer action.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Trustee's Application to Employ Stichter, Riedel, Blain & Prosser, P.A. and Jones, Day, Reavis & Pogue as Special Counsel, is hereby overruled. It is further

ORDERED, ADJUDGED AND DECREED the Application to Employ Stichter, Riedel, Blain & Prosser, P.A. and Jones, Day, Reavis & Pogue as Special Counsel is hereby approved and Stichter, Riedel, Blain & Prosser, P.A. and Jones, Day, Reavis & Pogue are hereby approved to be employed as special counsel to the Trustee for the limited purpose of pursuing a fraudulent transfer action.

DONE AND ORDERED.